IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DANIEL RAY BONILLA,

        Plaintiff,

  v.

STATE OF NEW YORK,

        Defendant.

Civil Action No.
3:15-CV-1240 (GLS/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

DANIEL RAY BONILLA, *Pro se*
198 Chapin Street, 2nd Floor
Binghamton, NY 13905

FOR DEFENDANT

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiff Daniel Ray Bonilla has commenced this action against the State of New York ("State"), pursuant to 28 U.S.C. § 1983, claiming that his civil rights were violated by the State. Plaintiff's complaint and

accompanying motion for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for initial review. Based upon my consideration of those documents, plaintiff's IFP application is granted, but I recommend that the claims set forth in his complaint be dismissed, with leave to replead, except as to any claims against the State.

I. BACKGROUND

Plaintiff commenced this action on October 19, 2015. Dkt. No. 1. His complaint names only the State as a defendant. *Id.* at 1. Plaintiff's claims center upon actions of the Broome County Sheriff in publicly disseminating information concerning plaintiff's criminal history and sex offender registration. *Id.* at 2-5. Plaintiff alleges that publishing that information violated his rights under a contract – which is neither attached to his complaint nor specifically described – to (1) limit his sex offender registration to ten years and (2) restrict public dissemination of that registration. *Id.* Plaintiff claims that the State, through the Broome County Sheriff, has also denied him due process and equal protection as guaranteed under the Fifth and Fourteenth Amendments to the United States Constitution. *Id.* As relief, plaintiff's complaint seeks compensatory damages and injunctive relief, including an order that his criminal record be expunged. *Id.* at 6.

Filed together with plaintiff's complaint was an application for leave to proceed without prepayment of fees or costs. Dkt. No. 2. Plaintiff's IFP application reflects that he has only limited sources of income, and no significant assets on hand. *Id.*

II.  DISCUSSION

    A.  IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, because I conclude that plaintiff satisfies the requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[2]

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[2] Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

B.   Sufficiency of Plaintiff's Complaint

1.   Governing Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an

overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also* *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure

provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

    2.    Analysis

The sole named defendant in plaintiff's complaint is the State. "The Eleventh Amendment has been interpreted as . . . barring suits in federal court against a state brought by that state's own citizens."[3] *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 151 (2d Cir. 2013). This bar includes any claims asserted against a state for monetary and injunctive relief. *Cory v. White*, 457 U.S. 85, 90-91 (1982); *see also Feingold v. N.Y.*, 366 F.3d 138, 149 (2d Cir. 2004) (barring the plaintiff's claims against a state agency for both injunctive and monetary relief pursuant to the Eleventh Amendment). Because all of plaintiff's claims in this case are asserted only against the State, they are barred by the Eleventh Amendment and subject to dismissal on that ground.

---

[3] In a broader sense, this issue implicates the sovereign immunity enjoyed by the State. As the Supreme Court has reaffirmed, the sovereign immunity enjoyed by the states is deeply rooted, having been recognized in this country even prior to ratification of the Constitution, and is neither dependent upon nor defined by the Eleventh Amendment. *Northern Ins. Co. of N. Y. v. Chatham Cnty.*, 547 U.S. 189, 193 (2006).

### C. Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies in plaintiff's claims against the State are substantive in nature, and extend beyond the mere sufficiency of his allegations. It is possible, however, that plaintiff could bring a cause of action against another defendant, in his or her individual or official capacity, without running afoul of the Eleventh Amendment, regarding the allegations contained in the complaint. Accordingly, in deference to his *pro se* status, I recommend that plaintiff be afforded an opportunity to amend his complaint.

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional

9

deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. SUMMARY AND RECOMMENDATION

Based upon my finding that he qualifies for IFP status, I am granting plaintiff's request for leave to proceed in this action without prepayment of costs or fees. I am recommending, however, that his complaint be dismissed because it asserts claims against the State that are precluded under the Eleventh Amendment. Because it is possible that plaintiff could name another defendant who is not shielded from liability by the Eleventh Amendment immunity, however, I recommend that he be granted leave to replead.

Based upon the foregoing it is hereby respectfully

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED, with prejudice as against the State, but otherwise with leave to replead within thirty days of the date of any decision adopting this report and recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

Dated: November 16, 2015
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge